# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO LOPEZ,<br><br>                                      Plaintiff,<br><br>v.<br><br>SMITHS DETECTION, INC., et al.,<br><br>                                    Defendants. | Case No.: 20-CV-1453-JLS-WVG<br><br>**ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE ON SECOND AND THIRD OF THREE DISCOVERY DISPUTES** |

      On September 27, 2021, this Court convened a telephonic discovery conference pursuant to its September 24, 2021 Order. (Doc. No. 33.) Justin Walker appeared for Plaintiff. Carmen Cole and Lilah Sutphen appeared for Defendant. The Court heard argument from the Parties concerning three ongoing discovery disputes: whether (1) Defendant should produce to Plaintiff data indicating total gross margins of profit as memorialized in certain documents referred to as "program packs;" (2) Plaintiff's counsel may take the deposition of a Person Most Knowledgeable ("PMK") regarding the entry and removal of certain orders in Defendant's order entry system; and (3) Plaintiff's counsel may take the deposition of a PMK regarding Defendant's process of gathering and producing documents to Plaintiff throughout discovery. The Court addresses the second and third disputes and follows the Court's September 27, 2021 Order addressing the first dispute. (Doc. No. 36.)

Regarding whether Plaintiff's counsel may take the deposition of a PMK from the Order-To-Invoice ("OTI") department concerning the entry and removal of certain orders in Defendant's order entry system, the Court answers affirmatively. Defendant argues Plaintiff took the deposition of three witnesses, whose testimony implicated this issue and, therefore, any further testimony would be duplicative and a waste of party resources. Plaintiff disagrees on the basis that none of those deponents were able to address questions concerning the technical features of the order entry system, the procedures associated with entering and removing orders in the order entry system, and the consequences of entering and removing orders in varying ways[1]. The Court overrules Defendant's objections and agrees with Plaintiff. The particular information Plaintiff seeks here is relevant to Plaintiff's wrongful termination claim, related defenses, and the Parties' respective positions on whether Defendant's termination of Plaintiff's employment was pretextual. In so finding, the Court limits the time Plaintiff's counsel may take to explore this topic in deposition to two hours.

Regarding whether Plaintiff's counsel may take the deposition of a PMK regarding Defendant's process of gathering and producing documents to Plaintiff throughout discovery, the Court also answers affirmatively. During the September 27, 2021 discovery conference, defense counsel noted Defendant provided verifications for all written discovery responses and its witness, Sherry Wiseman, was deposed by Plaintiff's counsel concerning, in part, this very topic. Defendant thus argued any additional deposition on

---

[1] During the September 27, 2021 discovery conference, Plaintiff's counsel also noted defense counsel served objections to most categories of deposition topics but entirely failed to object to the two categories at issue here. Notwithstanding Defendant's failure to object to the two disputed categories of inquiry, the Court finds Defendant has not waived objections because Rule 30(c)(2) of the Federal Rules of Civil Procedure reference objections only in the context of a deposition in progress rather than a written notice of deposition served in advance of the actual deposition. See *Rembrant Diagnostics, LP v. Innovacon, Inc.*, 2018 WL 692259, at *3 (S.D. Cal. Feb. 2, 2018) ("Here, as the Rule does not require objections, the Defendant has not waived its objections to the topics identified by its failure to serve written objections" and citing to Fed. R. Civ. P. 30(c)(2).)

this line of inquiry would be duplicative and unnecessary. Plaintiff's counsel replied Ms. Wiseman was not knowledgeable about foundational matters involving Defendant's document preservation and production efforts. In doing so, Plaintiff's counsel emphasized his concerns over whether Defendant has engaged in dilatory and/or malicious discovery practices after (1) Defendant produced a second document production late in discovery and only after Plaintiff's counsel persisted in his efforts to obtain such discovery and (2) Plaintiff's former supervisor, Javier Rivera, revealed in deposition the existence of a draft email referencing Mr. Rivera's proposal to place Plaintiff on a performance improvement plan ("PIP") rather than recommending to terminate Plaintiff's employment, a document which Defendant failed to previously produce in response to written discovery requests. Plaintiff's counsel argued clarifying Defendant's document preservation and production practices would be directly relevant to a factfinder's assessment of Defendant's credibility or lack thereof. Again, the Court agrees with Plaintiff within the following limitation: Plaintiff's counsel shall have no more than two hours to depose a PMK on this topic.

Given the above, the Court CONTINUES the fact discovery cut-off to **Wednesday, October 13, 2021**, for the limited and exclusive purpose of permitting Plaintiff's counsel to take the depositions of the PMKs regarding (1) the entry and removal of certain orders in Defendant's order entry system and (2) Defendant's process of gathering and producing documents to Plaintiff throughout discovery. A two-hour time limit shall be imposed on each of the depositions.

**IT IS SO ORDERED.**

Dated: September 29, 2021

_____
Hon. William V. Gallo
United States Magistrate Judge