UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO LOPEZ, an individual,<br><br>                                  Plaintiff,<br><br>v.<br><br>SMITHS DETECTION, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                                Defendants. | Case No.: 20-CV-1453 JLS (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIM AGAINST PLAINTIFF**<br><br>(ECF No. 44) |

      Presently before the Court is Defendant Smiths Detection, Inc.'s Motion for Leave to File Counterclaim against Plaintiff ("Mot.," ECF No. 44), as well as Plaintiff Alberto Lopez's Opposition thereto ("Opp'n," ECF No. 45) and Defendant's Reply in support thereof ("Reply," ECF No. 46). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 47. Having carefully reviewed Plaintiff's Complaint ("Compl.," ECF No. 1-2), Defendant's Proposed Counterclaim ("CC," ECF No. 44-1), the Parties' arguments, and the law, the Court **GRANTS** the Motion, for the reasons that follow.

/ / /

/ / /

/ / /

# BACKGROUND

"[Defendant] manufactures, manages, and sells detection and screening technology for use in airports, ports and borders, urban security, and defense end use markets." Compl. ¶ 19. Defendant hired Plaintiff in 2012 as a Senior Sales Business Development Manager for Latin America. *See id.* ¶ 14. Upon starting his employment with Defendant, Plaintiff entered into a "Non-Disclosure and Invention Agreement" (the "Agreement"), wherein he agreed to use Defendant's proprietary information only with regards to his employment duties, return any of Defendant's proprietary information upon the termination of his employment, and not retain documents pertaining to Defendant's business or proprietary information. *See* CC ¶ 2; *see also generally id.* Ex. A (the Agreement).

On or about April 15, 2020, Defendant's human resources department informed Plaintiff by telephone "that he was terminated effective immediately for 'not meeting performance expectations.'" Compl. ¶ 37. Plaintiff claims that the reason provided for his termination was pretextual, and that he was really fired to avoid paying Plaintiff significant commission revenue. *See id.* ¶¶ 40–42.

Upon Plaintiff's termination, Defendant instructed Plaintiff to return the laptop and cell phone Defendant had provided to Plaintiff for use during his employment. CC ¶ 4. Plaintiff failed to return his laptop for at least fifteen days, and during that time transferred data and files from his work laptop to removable storage devices. *Id.* Defendant preserved the laptop and computer after finally receiving them from Plaintiff. *Id.* ¶ 6.

Plaintiff filed this action in the Superior Court of California, County of San Diego, on June 24, 2020. *See* ECF No. 1 ("Not. of Removal") at 1. On July 28, 2020, Defendant removed to this District, based on diversity jurisdiction. *See generally* Not. of Removal. Defendant filed a motion to dismiss on August 4, 2020. *See* ECF No. 4. On January 26, 2021, the Court denied Defendant's motion. *See* ECF No. 8. Defendant answered the Complaint on February 8, 2021. *See* ECF No. 11.

The discovery cut-off in this matter was October 8, 2021. *See* ECF No. 34. In July 2021, Plaintiff produced documents generated during his employment for Defendant as

well as documents containing Defendant's proprietary information. CC ¶ 7; Opp'n at 5. During his July 21, 2021 deposition, Plaintiff explained that he had documents belonging to Defendant on a USB drive and in hardcopy because "during [his] tenure at [Defendant], [his] laptop got wiped out a number of times with information. So [he] always had a backup drive for them." Declaration of Justin O. Walker in Support of Opp'n ("Walker Decl.," ECF No. 45-1) Ex. B 217:8–219:12.

Defendant thereafter retained a computer forensics professional to analyze Plaintiff's use of the laptop, including any data transfers. CC ¶ 8. The forensics expert received Plaintiff's laptop from Defendant on September 14, 2021. *See* Walker Decl. Ex. D ¶ 10. The analysis revealed that Plaintiff transferred more than 27 gigabytes of information from his laptop after his employment ended. CC ¶ 9. It also revealed that, in January 2020, prior to his termination, Plaintiff had created a folder on his laptop titled "Walker Law" in which he placed proprietary and confidential documents belonging to Defendant. *Id.* ¶ 11. Plaintiff's counsel in this case is Walker Law, PC. *See generally* Docket.

On November 29, 2021, Defendant's counsel sent Plaintiff's counsel a letter about the results of the forensic examination of Plaintiff's laptop. *See generally* Walker Decl. Ex. C. The letter provided: "At your earliest opportunity, but in no event later than December 3, 2021, please let me know whether Mr. Lopez will agree to take the actions requested within this letter [i.e., return and delete all proprietary information of Defendant and identify persons in receipt of the information]. To be clear, in the event Mr. Lopez will not agree to do so, Smiths intends to pursue all legal claims and to seek all relief available to it under the law." *Id.* at 4. Plaintiff's counsel never responded to the letter. Mot. at 3 n.2. Accordingly, Defendant filed the instant Motion on December 13, 2021, seeking to assert counterclaims against Plaintiff for breach of contract, breach of the implied covenant of good faith and fair dealing, and federal misappropriation of trade secrets. *See* Mot.; CC.

///

# LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading "once as a matter of course" within specified time limits. Otherwise, a party may only amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

# ANALYSIS

Defendant seeks the Court's leave to file counterclaims against Plaintiff, claiming its Motion should be granted given the liberal policy in favor of amendment and the fact that none of the factors that weigh against amendment apply here. *See generally* Mot.

Plaintiff opposes, arguing that "Defendant's papers reveal that Defendant contemplated filing a counterclaim from the inception of this lawsuit," but that "Defendant *chose* to wait to file its counterclaim." Opp'n at 4 (emphasis in original). Plaintiff claims "Defendant knew, or should have known, of Plaintiff's alleged wrongdoing a long time ago," and therefore "Defendant should have filed its counterclaim when it filed its answer in February 2021 – ten months after this lawsuit was initiated and even longer since it had the laptop." *Id.* at 5. Plaintiff notes that Defendant's letter concerning Plaintiff's alleged misappropriation was not sent until two weeks before the mandatory settlement conference

in this matter. *Id.* Plaintiff thus argues that "Defendant's true reason for deliberately delaying was to wait until Plaintiff had expended his resources in discovery, see what discovery revealed in support of his claims, have discovery close, and then when the opportune time to gain some settlement leverage revealed itself, disclose its intent and seek to start the process all over again, thereby causing Plaintiff to suffer additional expense and delay." *Id.* at 6. In short, Plaintiff claims that Defendant engaged in bad faith and dilatory tactics that have prejudiced and will prejudice Plaintiff. *Id.* Plaintiff argues he has already expended $18,900 in discovery, "which could have been used towards vetting the contemplated counterclaims," and that "deliberately depriving Plaintiff of the knowledge that he was to face a counterclaim at a time when he was developing, investigating, and prosecuting his case in this matter, such that he could prepare his overall case accordingly, is prejudicial in and of itself." *Id.* at 6–7.

Defendant responds that Plaintiff fails to identify tangible prejudice. Reply at 1. Defendant argues that vague and conclusory allegations of prejudice are insufficient, and that Plaintiff fails to support his "novel arguments about prejudice" with citations to supporting authority. *Id.* at 3 (citation omitted). Defendant contends that "Plaintiff would not need to engage in any discovery, or possibly only very limited discovery, with respect to Smiths' counterclaim," given that "Plaintiff already knows the exact scope of his acts of misappropriation." *Id.* at 2. Further, "plaintiff does not explain how expenses supposedly incurred in discovery on other issues could have been avoided or redirected." *Id.* At any rate, additional discovery alone is not a sufficient showing of prejudice. *Id.* (citation omitted). Nor is the inconvenience of defending against a lawsuit or the prospect of an adverse action recognizable prejudice. *Id.* at 3–4 (citation omitted). Defendant also contests Plaintiff's allegations of undue delay, as Defendant was not warranted in asserting a counterclaim until that counterclaim had a sufficient basis in fact. *Id.* at 4. As to bad faith, Defendant points to its attempts to resolve the issue out of court via its letter to Plaintiff's counsel as proof that it was not attempting to gain any nefarious advantage in the litigation. *Id.* at 5. Defendant notes that, at the time the litigation commenced, it did

not know that Plaintiff had transferred Defendant's proprietary information to external devices; although Defendant's suspicions developed over the course of the litigation, it was not until the forensic examination of the laptop in September 2021 that Defendant truly became aware of Plaintiff's alleged misappropriation. *Id.* at 6.  Finally, Defendant notes that, to the extent its counterclaim is compulsory, the possible foreclosure of Defendant's ability to pursue the claim via other avenues supports granting the Motion. *Id.* at 8 (citations omitted).

Consideration of the relevant factors indicates that leave to amend should be granted here.  "[I]n evaluating undue delay, we . . . inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citations omitted).  Here, the Court finds that Defendant did not unduly delay in seeking amendment.  Plaintiff's failure to promptly return his laptop was not such a red flag that Defendant should have known that Plaintiff had used his extra time with the computer to transfer files.  In April 2020, during the early days of the Covid-19 pandemic, there were many legitimate reasons why a person might be a laggard in mailing an item.  It was not until July 2021, more than five months after Defendant had answered, that Plaintiff's document productions and deposition testimony tipped Defendant off to the possibility that Plaintiff may have breached the Agreement and misappropriated Defendant's proprietary information.  Defendant retained an expert and sent the expert the laptop for analysis within two months, which is not an unreasonable period of time.  It was not until the expert completed his analysis that Defendant's suspicions were confirmed.  Defendant subsequently requested that Plaintiff destroy and return the allegedly misappropriated information.  While Defendant possibly could have sent its letter sooner than two and a half months after its expert received the laptop, the Court does not find such a time period per se unreasonable. And when Plaintiff failed to comply with Defendant's requests concerning the disposition of Defendant's proprietary information, Defendant promptly filed the instant Motion.  Thus, Defendant had no reason to assert the proposed

counterclaims at the time it answered the Complaint, and only recently had a basis to assert the claims. *See Santa Clarita Valley Water Agency v. Whittaker Corp.*, No. CV 18-6825-GW(RAOX), 2019 WL 13062617, at *2 (C.D. Cal. Dec. 17, 2019) ("Late-developing evidence, or a recent discovery of evidence, is a customary basis for requesting leave to amend.").

Nor is the Court persuaded by Plaintiff's argument of bad faith. "Courts typically reserve arguments for 'bad faith' motions to cases of obvious gamesmanship." *Ronan Tel. Co. v. Verizon Select Servs., Inc.*, 340 F.R.D. 167, 173 (D. Mont. 2021) (citing *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012)). Here, however, Defendant provided Plaintiff with an opportunity to avoid litigating the counterclaims Defendant now seeks to add by returning and destroying the proprietary information in Plaintiff's possession and providing Defendant with certain information about the parties to whom Plaintiff had disclosed any of Defendant's proprietary information. Walker Decl. Ex. C at 4. Plaintiff failed to respond. It was only then that Defendant brought the instant Motion. The Court finds that this record does not support a finding of bad faith.

The Court further finds that Plaintiff has failed to meet his burden of establishing prejudice, the most important factor in this analysis. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). As Defendant argues, Plaintiff, as the alleged transgressor, is surely aware of the scope of and facts surrounding his purported misappropriation of documents in breach of the Agreement. Thus, minimal additional discovery seems warranted, and Plaintiff has not persuaded the Court otherwise. Nor does it appear that the addition of the proposed counterclaims would "substantially alter this litigation." *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003). Plaintiff himself claims that "[t]he parties' claims arise from the same set of facts and circumstances." At any rate, as previously noted, Plaintiff was given a means to avoid litigating the counterclaims and refused to take it. Any prejudice therefore seems to be of Plaintiff's own making. Plaintiff

does not claim that the proposed amendments will cause prejudicial delay, nor does delay appear to be a significant issue here, where the Parties have yet to appear for their final pretrial conference and a trial date has yet to be set.  Accordingly, the Court finds that Plaintiff will not be unduly prejudiced by the proposed amendment.

Finally, Plaintiff does not contend that the proposed counterclaims, which appear facially to have merit, are futile.  Accordingly, given the liberal policies in favor of the amendment of pleadings and resolution of claims on the merits and the Court's determination that there are no concerns of undue delay, bad faith, prejudice, or futility, the Court **GRANTS** Defendant's Motion.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the Motion (ECF No. 44).  Defendant **SHALL FILE** its Proposed Counterclaim (ECF No. 44-1) within three (3) days of the date on which this Order is electronically docketed.

To the extent the Parties desire to seek the reopening of the discovery period or other amendments to the Scheduling Order in light of the Court's disposition of this matter, the Parties **MAY FILE** a motion to amend the Scheduling Order pursuant to Federal Rule of Civil Procedure 16 before Magistrate Judge Gallo within fourteen (14) days of the date on which this Order is electronically docketed.

**IT IS SO ORDERED.**

Dated:  April 5, 2022

Hon. Janis L. Sammartino
United States District Judge